A. Clifford Edwards
A. Christopher Edwards
John W. Edwards
EDWARDS & CULVER
1648 Poly Drive, Suite 206
Billings, Montana 59102
Telephone: (406) 256-8155
Facsimile: (406) 256-8159
Email: chris@edwardslawfirm.org
Email: john.edwards@edwardslawfirm.org

Attorneys for Plaintiffs



CLERK OF THE
DISTRICT COURT
TERRY HALPIN

2021 APR 16 A 9:38

FILED

_____
DEPUTY

## MONTANA THIRTEENTH JUDICIAL DISTRICT COURT
## YELLOWSTONE COUNTY

| | |
|---|---|
| JERRED BERNS, individually, and as next friend to his minor children, E█████ B████ and L██ B████,<br><br>Plaintiffs,<br><br>vs.<br><br>ENTRANS INTERNATIONAL, LLC; PSC CUSTOM, LLC d/b/a POLAR SERVICES CENTER; ALAN ROTH, and DOES 1-5,<br><br>Defendants. | Cause No. DV 21-0445<br><br>Ashley Harada<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff, JERRED BERNS, individually, and as next friend to his minor children, E█████ B████ and L██ B████, by and through his attorneys of record, and for Plaintiffs' Complaint against ENTRANS INTERNATIONAL, LLC, PSC CUSTOM, LLC d/b/a POLAR SERVICES CENTER, ALAN ROTH, and DOES 1-5, complains and alleges as follows:

## PARTIES

1. Plaintiff, JERRED BERNS is, and at all times relevant was, a resident of Yellowstone County, Montana, and the father and next friend of his minor children, Plaintiffs E█████ B███ and L██ B███.

2. Defendant, ENTRANS INTERNATIONAL, LLC (hereinafter "ENTRANS") is a limited liability company registered to do business in the State of Montana, and at all times relevant was doing business in Yellowstone County, Montana.

3. Defendant, PSC CUSTOM, LLC d/b/a POLAR SERVICES CENTER (hereinafter "PSC") is a limited liability company registered to do business in the State of Montana, and at all times relevant was doing business in Yellowstone County, Montana.

4. Defendant, ALAN ROTH (hereinafter "ROTH") is, and at all times relevant was, a resident of Yellowstone County, Montana.

5. The true names and capacities of DOES 1-5 are unknown to Plaintiffs, who therefore sue said Defendants under these fictitious names. On information and belief, Defendant DOES 1-5, inclusive, (i) directly participated in or assisted in the performance of the wrongful acts and omissions described herein, although the full extent of their involvement is unknown at this time, OR (ii) conspired with the named parties in this case to perform the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, OR (iii) acted as principals or agents, actual or ostensible, of other named parties in this case in performing the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, OR (iv) are vicariously liable for the acts of the named parties in this action. Plaintiffs thus believe that Defendant DOES 1-5, inclusive, are liable for the damages and other relief sought in this case as participants, co-conspirators, principals or agents,

or are vicariously liable or otherwise necessary or indispensable parties to adjudication of the issues involved in this case. Plaintiffs are further informed, believe, and thereon allege that all Co-Defendants in doing the things herein alleged are liable, jointly and severally, for all damages and other relief or remedies sought by Plaintiffs in this action. When the true names and capacities of DOES 1-5, inclusive, have been ascertained, appropriate amendments of this Claim will be filed.

6. The acts and omissions giving rise to the causes of action herein took place in Yellowstone County, Montana.

7. Jurisdiction and venue are proper in Yellowstone County, Montana.

## FACTS

8. At all times relevant, Defendants ENTRANS and PSC owned and operated a tank wash called Polar Services Center. Plaintiff, Jerred Berns, was employed by Defendants, and his job duties included cleaning tanker trucks in Defendants' tank wash. Defendant Roth was Plaintiff's supervisor at the time of the incident that is the subject of this lawsuit.

9. Defendants' tank wash contained HE Hydroblaster Pressure Washers and was used to clean tanker trucks that carried various flammable liquids. The burners on the HE Hydroblaster Pressure Washers are naturally aspirated and require combustion air supply to the equipment room, the motors are open drip proof, the main controls are enclosed in NEMA 4 rated enclosures, and they are not designed to be in a potentially flammable atmosphere. Defendants knew the HE Hydroblaster Pressure Washers were not safe to use in the tank wash or near flammable liquids or gases and would cause an explosion and/or fire.

10. Notwithstanding, Defendants directed its employees to use the HE Hydroblaster Pressure Washers in their tank wash, and were responsible for showing and instructing employees

COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 3

how to perform their duties related to the tank wash, including using the HE Hydroblaster Pressure Washers.

11. On May 9, 2019, while Plaintiff was washing a fuel tanker trailer that contained flammable liquid, the southernmost HE Hydroblaster Pressure Washer in the tank wash ignited the flammable liquid vapors from the tanker causing an explosion and flash fire, which severely burned Plaintiff.

12. Plaintiff suffered serious 2nd and 3rd degree burns on his arms, face and back and was taken by ambulance to St. Vincent's where he was assessed and flown to the Salt Lake City burn center for treatment. Plaintiff has had to endure multiple surgeries and is still undergoing treatment for his burns.

13. The Occupational Safety and Health Administration (OSHA) confirmed the southernmost HE Hydroblaster Pressure Washer in the tank wash ignited the flammable liquid vapors from the tanker causing the fire and cited Defendants for serious violations of law.

14. The equipment, wiring methods, installation and use of the HE Hydroblaster Pressure Washers in the tank wash area made the tank wash unsafe and created a dangerous, ultrahazardous work area, and made the use of the tank wash, particularly to clean fuel tanker trailers, an ultrahazardous and abnormally dangerous activity.

15. Defendants deliberately placed profit before worker safety and the regulations and practices designed to protect them, and intentionally and deliberately violated numerous state and federal safety laws. Defendants intentionally and deliberately directed, allowed and required workers, including Jerred Berns, to engage in unsafe, abnormally dangerous and harmful activities, including using the HE Hydroblaster Pressure Washers in a tank wash known to be used to clean flammable liquids. Defendants intentionally and deliberately exposed its workers, including

Jerred Berns, to fire hazards while operating and working near the HE Hydroblaster Pressure Washers, failed to provide the appropriate safety and personal protective equipment or to provide and ensure compliance with proper safety precautions, procedures and/or training, and otherwise exposed workers to known hazardous and unsafe conditions and harm.

16. Defendants had actual knowledge harm and injury was certain to occur to Jerred as a result of their intentional and deliberate acts, but failed to prevent such harm and injury to Jerred or to warn Jerred of the known hazards and the harm and injury that was certain to occur. Despite their knowledge of the certainty of injury from known hazards, Defendants intentionally and deliberately engaged in a policy and practice of exposing its workers, including Jerred Berns, to those hazards and the harm, and did so without providing warnings or appropriate safety precautions and equipment.

17. All of Defendants' wrongful actions were specifically and actually intended to cause injury to Jerred Berns.

18. Defendant Alan Roth was personally in charge of the actions of Defendants' employees, including Jerred Berns, and directed employees, including Jerred Berns, to use the tank wash and HE Hydroblaster Pressure Washers. He was well aware of the danger and injury that would occur to employees, including Jerred Berns if the HE Hydroblaster Pressure Washers were used in the tank wash and of the failure to ensure that proper personal protective and safety equipment was distributed and used. He knew that the HE Hydroblaster Pressure Washers would ignite flammable liquids and vapors and would cause fire and burns to employees, but failed to take any precautions to eliminate the known hazards. Mr. Roth is not only sued as an agent of the Defendants, but individually, as he is personally liable under Montana law, because he was actively involved and participated in the Defendants' decisions to ignore facts, warnings, and regulations

COMPLAINT AND DEMAND FOR JURY TRIAL – PAGE 5

and deliberately and intentionally directed employees to use the tank wash, including the HE Hydroblaster Pressure Washers, to clean fuel tankers, and otherwise caused injury to Jerred Berns by committing intentional and deliberate acts that were specifically and actually intended to cause injury to Jerred Berns, having actual knowledge that an injury to Jerred Berns was certain to occur.

19. As a result of Defendants' acts and omissions, Jerred Berns has incurred past and will incur future medical costs, has been unable to work due to his injuries, has endured multiple surgeries, pain and suffering and emotional distress, and has otherwise been damaged.

## COUNT I
## § 39-71-413, MCA

20. Plaintiffs repeat and incorporate by reference, the allegations contained in the foregoing paragraphs of this Complaint as if set forth herein verbatim.

21. Plaintiff Jerred Berns was intentionally injured as a result of the intentional and deliberate acts of Defendants and has a cause of action under § 39-71-413, MCA in that:

   a. Defendants caused injury to Jerred Berns by committing intentional and deliberate acts that were specifically and actually intended to cause injury to Jerred Berns, and

   b. Defendants had actual knowledge that an injury to Jerred Berns was certain to occur.

22. The deliberate and intentional acts and omissions of the Defendants that resulted in the physical and emotional harm to Jerred Berns are of such character and of such aggravation so as to entitle him to all damages under the Montana Constitution and statutory law including, but not limited to, compensation for physical and emotional injuries and punitive damages.

23. Defendants' conduct rightly strips them of any workers' compensation immunity under § 39-71-411, MCA, and forms the basis for this action under § 39-71-413, MCA.

## COUNT II
## STRICT LIABILITY – INHERENTLY DANGEROUS ACTIVITY

24. Plaintiffs repeat and incorporate by reference the allegations contained in the foregoing paragraphs of this Complaint as if set forth herein verbatim.

25. The Defendants were in the business of cleaning flammable liquids and hazardous materials from tanks, which is an inherently dangerous and ultrahazardous activity, and are strictly liable for the injuries to Jerred Berns. Additionally, using an HE Hydroblaster Pressure Washer to clean flammable liquids in a tank wash was an inherently dangerous and ultra-hazardous activity and Defendants are strictly liable for the injuries to Jerred Berns.

26. Defendants knew and observed employees, including Jerred, clean out flammable liquids in the tank wash, using their HE Hydroblaster Pressure Washers. Defendants knew employees, including Jerred, would be washing a fuel tanker that had contained flammable liquid using the Hydroblaster Pressure Washer. Defendants knowingly provided its employees, including Jerred, incorrect and unsafe equipment and required the use of such equipment and failed to provide proper safety equipment or take necessary special precautions to prevent the harm to Jerred.

27. Defendants' intentional and deliberate act of requiring and allowing their workers, including Jerred Berns, to engage in inherently dangerous and ultrahazardous activities was specifically and actually intended to cause injury to Jerred, and Defendants had actual knowledge Jerred's injuries were certain to occur.

28. Jerred Berns was injured as a result of Defendants' intentional and deliberate acts requiring its workers to engage in the inherently dangerous and ultra-hazardous activities, as alleged herein, and the burns and injuries are the type of harm that would be anticipated as a result

of such activities. The abnormal danger associated with the activity alleged herein was a substantial contributing factor to the damages to Jerred Berns.

29. Defendants are strictly liable for the damages suffered by Jerred Berns in an amount to be proven at trial, including, but not limited to, compensation for physical and emotional injuries, as well as punitive damages.

## COUNT III
## PUNITIVE DAMAGES

30. Plaintiffs repeat and incorporate by reference, the allegations contained in the foregoing paragraphs of this Complaint as if set forth herein verbatim.

31. Defendants had knowledge of facts and intentionally disregarded facts that created a certainty of injury or death to Jerred Berns, yet deliberately proceeded to act with reckless and intentional disregard of the certainty of serious bodily injury or death to Jerred. The acts and omissions of the Defendants constitute actual malice and reckless disregard for the high probability of serious bodily injury within the meaning of §§ 27-1-220 and 221.

32. Under Montana law, Jerred Berns is entitled to recover exemplary or punitive damages from the Defendants to deter future deliberate and intentional misconduct.

## COUNT IV
## LOSS OF CONSORTIUM

33. Plaintiffs repeat and incorporate by reference, the allegations contained in the foregoing paragraphs of this Complaint as if set forth herein verbatim.

34. As a result of the wrongful acts and omissions of Defendants, as stated above, Jerred Berns' children have suffered, and will continue to suffer, loss of consortium as that claim is defined under Montana law and are entitled to recover damages from the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, for all damages to which they are entitled under Montana law in such categories and in such amounts as are just and proper, and will be furnished to Defendants in accordance with applicable Montana law and/or Rules of Civil Procedure.

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all the issues in this action.

DATED this 16 day of April, 2021.

EDWARDS & CULVER

By: _____
A. Clifford Edwards
A. Christopher Edwards
John W. Edwards
*Attorneys for Plaintiffs*