IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

JERRED BERNS, *individually, and as next friend to his minor children*; E.B.; and L.B.,

Plaintiffs,

vs.

ENTRANS INT'L, LLC; PSC CUSTOM, LLC, *d/b/a* POLAR SERVICES CENTER; ALAN ROTH; and DOES 1-5,

Defendants.

CV 21-59-BLG-TJC

**ORDER**

This action was originally brought in the Montana Thirteenth Judicial District Court, Yellowstone County (DV-21-0445) on April 16, 2021, against Defendants EnTrans International, LLC ("EnTrans"), PSC Custom, LLC, d/b/a Polar Services Center ("PSC"), Alan Roth ("Roth"), and Does 1-5 (collectively "Defendants"). (Doc. 7.) Defendants timely removed the action to this Court, invoking diversity jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441. (Doc. 1.)

Presently before the Court are two motions: (1) Defendants' Partial Motion to Dismiss (Doc. 4); and (2) Plaintiffs' Motion to Remand (Doc. 11). Briefing on Defendants' Partial Motion to Dismiss was stayed pending resolution of Plaintiffs'

Motion to Remand. (Doc. 14). Plaintiffs' Motion to Remand is fully briefed and ripe for review. (Docs. 12, 20, 23.)

Having considered the parties' submissions, the Court orders that Plaintiffs' motion be **GRANTED**, and this matter be **REMANDED** to the Montana Thirteenth Judicial District Court for further proceedings.

## I. Background

Plaintiffs, Jerred Berns ("Berns") and his minor children, E.B. and L.B., are citizens and residents of Montana. (Doc. 7 at ¶ 1; Doc. 11 at 2.) Defendant Roth is also a citizen and resident of Montana. (Doc. 1 at ¶ 9.) Defendant EnTrans is a Delaware limited liability company with its principal place of business in Tennessee. (*Id*. at ¶ 7.) Defendant PSC is a Texas limited liability company with its principal place of business in Tennessee. (*Id*. at ¶ 8.)

Berns was employed by Defendants EnTrans/PSC and worked in Defendants' tank wash facility. (Doc. 7 at ¶ 8.) Defendant Roth is employed by Defendants and supervised Berns. (*Id*.) Berns' job responsibilities included using HE Hydroblaster Pressure Washers to clean tanker trucks in the tank wash facility. (*Id*. at ¶¶ 8-9.) On May 9, 2019, Berns was washing a fuel tanker trailer containing a flammable liquid and was severely burned when a pressure washer in the tank ignited the gaseous vapors in the tank resulting in a flash fire. (*Id*. at ¶ 11.)

Plaintiffs have asserted two causes of action against Defendants. Count I alleges Berns was intentionally injured by Defendants' intentional and deliberate acts, thereby bypassing the Workers' Compensation Act's exclusivity provision, and giving rise to a cause of action under Mont. Code Ann. § 39-71-413. (*Id*. at ¶¶ 21, 23.) Plaintiffs also allege that Roth, individually and as an agent of EnTrans/PSC, is personally liable under Mont. Code Ann. § 39-71-413. (*Id*. at ¶¶ 18, 23.) Count II alleges Defendants are strictly liable for engaging in an inherently dangerous activity. (*Id*. at ¶¶ 24-29.)

On May 24, 2021, Defendants removed the action to this Court based on diversity of citizenship. (Doc. 1.) Plaintiffs argue this action must be remanded to Montana state district court because Plaintiffs and Defendant Roth are both citizens of Montana, and therefore, complete diversity does not exist. (Doc. 11.) In response, Defendants contend Roth was fraudulently joined in this action, and therefore, should not be considered for purposes of determining diversity jurisdiction. (Doc. 1 at ¶ 9.)

## II. Legal Standards

"Federal courts are courts of limited jurisdiction," and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of civil actions from state court is permitted only when the federal court has original jurisdiction over the action, and

removal is not otherwise expressly prohibited by statute. 28 U.S.C. § 1441. Federal district courts have original jurisdiction over actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, and in actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332.

The removal statute is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted). The presumption against removal jurisdiction "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Any doubts about federal jurisdiction should be resolved in favor of remand. *Id*.

Subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 requires each of the plaintiffs to be a citizen of a different state than each of the defendants. *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). An exception to the complete diversity requirement exists where a defendant has been "fraudulently joined" to defeat diversity jurisdiction. A defendant is considered fraudulently joined "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the

settled rules of the state." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). If a defendant is deemed fraudulently joined, "the defendant's presence in the lawsuit is ignored for purposes of determining diversity." *Morris*, 236 F.3d at 1067.

"Fraudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Because there is a "general presumption against fraudulent joinder," a defendant invoking the fraudulent joinder exception bears a "heavy burden." *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). The defendant is entitled to present facts showing the joinder is fraudulent. *McCabe*, 811 F.2d at 1339. Any doubts "concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand [citation], and a lack of clear precedent does not render the joinder fraudulent." *Plute v. Roadway Package Sys., Inc.*, 141 F.Supp.2d 1005, 1008 (N.D. Cal. 2001). *See also Good v. Prudential Ins. Co. of Am.*, 5 F.Supp.2d 804, 807 (N.D. Cal. 1998) ("The district court . . . must resolve all disputed questions of fact in favor of the Plaintiff.").

Merely showing an action is likely to be dismissed is insufficient. *Diaz v. Allstate Ins.*, 185 F.R.D. 581, 586 (C.D. Cal. 1998). The defendant must

"demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant." *Good*, 5 F.Supp.2d at 807. "[I]f there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (citing *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)). *See also Staley v. BNSF Ry. Co.*, 2015 WL 860802, at *3 (D. Mont. Feb. 27, 2015) ("Fraudulent joinder only occurs when 'a plaintiff has no possibility of bringing a cause of action against a resident defendant, and therefore has no reasonable grounds to believe he has such an action.'").

## III. Discussion

Both Plaintiffs and Defendant Roth are citizens of Montana. Therefore, Roth's presence in this lawsuit destroys diversity jurisdiction, and remand is required, unless Defendants establish Roth was fraudulently joined. Defendants primarily assert that Plaintiffs cannot allege an actionable state law claim against Roth distinguishable from the allegations against EnTrans/PSC. (Doc. 20 at 2.)[1]

[1] Defendants further assert an undeveloped argument that even if Roth is not fraudulently joined, removal is proper because Roth is merely a nominal party and may be ignored for determining diversity, citing *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129 (9th Cir. 2002). (*Id*. at 3.) A federal court may disregard the citizenship of "nominal parties with nothing at stake . . . despite the propriety

Defendants assert that, under Montana law, Roth is shielded from liability for acts taken within the scope of his employment for EnTrans/PSC, citing *Sherner v. Nat'l Loss Control Servs. Corp.*, 124 P.3d 150, 155 (Mont. 2005). (Doc. 20 at 2, 4-5, 9.)

**A. Fraudulent Joinder**

Defendants have not shown there is no possibility that Plaintiffs have a viable claim against Roth, and thus, have not established fraudulent joinder. While it is generally true under Montana law that employees and agents of a corporation are shielded from personal liability for acts on behalf of the corporation, the Montana Supreme Court recognizes an exception to this rule under Mont. Code Ann. § 28-10-702(3). *Sherner*, 124 P.3d at 155 (citing *Crystal Springs Trout Co. v. First State Bank of Froid*, 732 P.2d 819, 823 (Mont. 1987)). Section 28-10-702(3) reads, in pertinent part: "[a] person who assumes to act as an agent is responsible to third persons as a principal for acts in the course of the agency . . . when the agent's acts are wrongful in their nature." Thus, it is possible to bring a viable claim under Montana law against an agent or employee for their own tortious conduct committed within the scope of employment. *Crystal Springs*, 732 P.2d at 823 (corporate agent may be personally liable under Section 28-10-702(3)

---

of their technical joinder." *Strotek*, 300 F.3d at 1133. Here, however, Plaintiffs have alleged Roth is liable both as an agent of EnTrans/PSC and individually (Doc. 7 at ¶ 18), and so, it cannot be said that Roth may not be affected by the outcome of this case. Therefore, this argument is not sufficient to establish removal is proper.

if the agent was personally negligent or "the agent's actions were tortious in nature.").

Accordingly, this Court has consistently denied claims of fraudulent joinder where an employee is named as a defendant based on their own wrongful conduct. *See, e.g.*, *Castro v. ExxonMobil Oil Corp.*, 2012 WL 523635, at *3 (D. Mont. Feb. 16, 2012) (finding remand appropriate where plaintiffs sufficiently alleged state law causes of action against corporate employee and "there [was] some doubt about the right of removal."); *Caven v. BNSF Ry. Co.,* 2004 WL 5704818, at *1-2 (D. Mont. Sept. 20, 2004) (rejecting claim of fraudulent joinder, finding corporate agent can be held personally liable under Montana law for the agents own tortious actions); *Anderson v. BNSF Ry. Co.*, 2008 WL 5412454, at *1-2 (D. Mont. May 21, 2008) (joinder of employee was not fraudulent because "employee may be liable under Montana law for torts committed within the scope of employment."); *Staley v. BNSF Ry. Co.*, 2015 WL 860802, at *4-5 (D. Mont. Feb. 27, 2015) (granting motion to remand, finding defendants did not meet their burden to show fraudulent joinder where there were conflicting claims and evidence as to whether employee's conduct was personally tortious in nature); *Sloan v. BNSF Ry. Co.*, 2018 WL 4899457, at *2 (D. Mont. Jan. 18, 2018), *report and recommendation adopted*, 2018 WL 4899448 (D. Mont. Mar. 1, 2018) ("courts in the District of Montana have held that it is enough to allege that the corporate agent either

ignored warnings or participated in the principal's tortious conduct to hold the agent personally liable.").

Here, Plaintiffs allege Roth is liable as a corporate agent of Defendants and "is personally liable under Montana law, because he was actively involved and participated in the Defendants' decisions to ignore facts, warnings, and regulations." (Doc. 7 at ¶ 18.) Because Montana law recognizes that corporate agents can be held personally liable for their own tortious conduct within the scope of their employment, there is a possibility Roth could be found personally liable, and Plaintiffs have pled a viable state law claim. Therefore, Defendants' argument is not sufficient to establish fraudulent joinder.

**1. Montana Code Annotated § 39-71-413**

Defendants further argue, however, that the foregoing cases are not applicable here because they all involve third parties suing other entities, not employees suing their employers. (Doc. 20 at 9.) Defendants assert that such a claim may not be maintained because of the exclusivity provisions of the Montana Workers' Compensation Act. (*Id.* at 9-11.)

It is true under Montana law that "[t]he Workers' Compensation Act generally provides the exclusive remedy for an employee who suffers an injury in the scope of his or her employment." *Alexander v. Bozeman Motors, Inc.*, 234 P.3d 880, 884 (Mont. 2010); Mont. Code Ann. § 39-71-411. But an employee has

an independent cause of action under section 39-71-413(1)(a), if the employee "is intentionally injured by an intentional and deliberate act of the employee's employer or by the intentional and deliberate act of a fellow employee while performing the duties of employment."

Mont. Code Ann. § 39-71-413(3), defines "intentional injury" as "an injury caused by an intentional and deliberate act that is specifically and actually intended to cause injury to the employee injured and there is actual knowledge that an injury is certain to occur." In *Alexander*, the Montana Supreme Court reasoned that to show "intentional injury" a plaintiff is required to prove two elements: (1) an intentional and deliberate act specifically and actually intended to cause injury; and (2) actual knowledge of the injury's certainty. 234 P.3d at 886. The Montana Supreme Court explained that "deliberate and intentional conduct may be inferred from factual allegations indicating that an employer knew an employee was being harmed, failed to warn the employee of the harm, and intentionally continued to expose the employee to the harm." *Id.*, 234 P.3d at 889. Whether an employer, or fellow employee, had "actual knowledge" of an injury's certainty is also a factual inquiry. *Id*. The "actual knowledge" element distinguishes "'the employer's alleged knowledge that the employee is being injured . . . versus the employer's exposing the employee to risk of harm without certain knowledge that the

employee is being or will be harmed.'" *Harris v. State*, 294 P.3d 382, 389 (Mont. 2013) (quoting *Lockwood v. W.R. Grace & Co.*, 900 P.2d 314, 319 (Mont. 1995)).

Plaintiffs have alleged a colorable claim against Roth under Mont. Code Ann. § 39-71-413. Plaintiffs allege Roth "was personally in charge of the actions of Defendants' employees" and directed Berns to use the pressure washers in the tank wash facility. (Doc. 7 at ¶ 18.) Plaintiffs contend that Roth knew the danger associated with use of pressure washers in the tank wash, knew that the pressure washers would ignite the flammable liquids in the tankers, and failed to implement appropriate safety measures. (*Id.*) Plaintiffs allege Berns' injury was caused by Roth's intentional and deliberate acts, which include directing Berns to use the pressure washers; assert these acts were specifically and actually intended to cause injury to Berns; and allege Roth had actual knowledge that injury to Berns was certain to occur. (*Id.*)

Defendants appear to acknowledge that Plaintiffs may pursue the intentional injury exception to the exclusivity provision, stating, "Berns is free to attempt to get around workers' compensation exclusivity, but such claim necessarily must only be asserted against PSC." (Doc. 20 at 9.) Defendants cite no authority to support the assertion that the exception applies only to claims against employers and not fellow employees. To the contrary, § 39-71-413(1)(a) expressly provides a cause of action "[i]f an employee is intentionally injured . . . by the intentional and

deliberate act of a fellow employee . . . against the person whose intentional and deliberate act caused the intentional injury."

Defendants further assert that Plaintiffs' allegations against Roth "fail to meet the high burden to evade the exclusivity of workers' compensation." (Doc. 20 at 10-11.) Defendants argue that Plaintiffs' allegations here are analogous to the claims in *Perry v. Nat'l Quality Inspections, Inc.*, 77 F. App'x 415 (9th Cir. 2003). (*Id*.) But *Perry* involved an appeal from the district court's entry of summary judgment in favor of the defendant. 77 F. App'x at 415. The standard applicable to a motion for summary judgment does not apply here. While the defendant may present summary judgment type evidence to show fraudulent joinder, the "inquiry is far different from the summary judgment type inquiry." *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 112 (3d Cir. 1990). Nor is the fraudulent joinder standard equivalent to the standard for failure to state a claim under Rule 12(b)(6). *Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). Instead, the fraudulent joinder standard "is similar to the 'wholly insubstantial and frivolous' standard for dismissing claims under Rule 12(b)(1) for lack of federal question jurisdiction." *Id*. That is, fraudulent joinder is a jurisdictional inquiry, while Rule 12(b)(6) is an adjudication on the merits. *Id*. Thus, Plaintiffs need not prove their allegations at this stage, and must only show there is a possibility of recovery against Roth. *See, e.g.*, *Castro*, 2012 WL 523635,

at *2 ("Plaintiffs are not required to prove their case at this point. It is Defendants that have the burden of overcoming the presumption against federal jurisdiction.") (citing *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009)). Applying this standard, Defendants have not met their burden to show by clear and convincing evidence that Roth was fraudulently joined.

Accordingly, the Court cannot find Plaintiffs have failed to plead an actionable claim under Montana law against Roth. Defendants have not demonstrated that there is no possibility that Roth could be held liable for tortious conduct committed within the scope of his employment or under Mont. Code Ann. § 39-71-413. Therefore, the case must be remanded to state court. The Court notes that this finding does not mean Plaintiffs have stated a claim against Roth that can survive a motion to dismiss. The Court's ruling only finds that under the deferential standard the Court must apply when considering fraudulent joinder, the Court cannot find there is no possibility that Plaintiffs have a claim against Roth.

**B. Attorney's Fees and Costs**

Plaintiffs argue Defendants lacked an objectively reasonable basis for removal, and therefore, requests that the Court direct an award of attorney's fees and costs associated with the motion to remand. (Doc. 12 at 15; Doc. 23 at 10-11.) 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as

a result of the removal." Whether fees should be awarded turns on the reasonableness of the removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). In *Martin*, the Supreme Court held "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*.

The Court, in its discretion, declines to award Plaintiffs attorney's fees and costs in this matter. While the Court did not ultimately find them persuasive, there are facts and circumstances present in this action which at least arguably distinguish this case from others in this district where remand has been ordered with the same issue presented here. Therefore, although the Court has determined the case must be remanded for lack of diversity jurisdiction, the Court does not find the removal was objectively unreasonable.

## IV. Other Pending Motion

Given the Court's finding that remand is appropriate, the Court finds Defendants' Partial Motion to Dismiss to be moot, and therefore, denies the motion.

## V. Conclusion

Plaintiffs have alleged a possible state law claim against Roth under Mont. Code Ann. § 39-71-413. Therefore, the Court finds that Defendants have failed to

demonstrate that Roth was fraudulently joined. Complete diversity does not exist, and this case shall be remanded for further proceedings.

Therefore, the Court orders that Defendants' Partial Motion to Dismiss (Doc. 4) is **DENIED** as **MOOT**, and Plaintiffs' Motion to Remand (Doc. 11) is **GRANTED** and the matter is **REMANDED** to the Montana Thirteenth Judicial District Court.

**IT IS ORDERED**.

DATED this 4th day of November, 2021.

TIMOTHY J. CAVAN
United States Magistrate Judge